IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DENISHA RAY, O/B/O
Q.R., a Minor Child					PLAINTIFF


VS.			CASE NO. 06-CV-4064


JO ANNE B. BARNHART,
Commissioner, Social Security
Administration					DEFENDANT


## MEMORANDUM AND ORDER

Pending now on this 18th day of January, 2007, is the Defendant's Unopposed Motion to Remand filed by the Commissioner of the Social Security Administration (hereinafter "Commissioner"), on January 4, 2007.  (Doc. No. 11).  Counsel for the Commissioner states that he has spoken with Plaintiff's counsel and Plaintiff has no objection to the motion.

In the instant motion, the Defendant asserts that remand of this matter is necessary for an Administrative Law Judge (ALJ) to further evaluate the evidence in this case.  Specifically, the motion asserts:

> The Commissioner seeks remand in order for an Administrative Law Judge (ALJ) to further evaluate the evidence in this case. Specifically, the ALJ will recontact Plaintiff's treating sources and obtain updated medical evidence.  In addition, the ALJ will  obtain expert medical evidence to assist on the issue of whether Plaintiff meets or equals a listing.

(Doc. No. 11, p. 1).

Further, the Defendant submits that the Court remand this matter pursuant to sentence four of 42 U.S.C. §405(g).  (Doc. No. 11, p. 2).

Sentence four provides:

> The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing.

42 U.S.C. §405(g).

Accordingly, we conclude that the Defendant's motion requesting reversal of the decision and remand of this matter for the above stated reasons, is well taken. The Commissioner's decision is reversed and this matter is hereby remanded, pursuant to sentence four, 42 U.S.C. §405(g), for further proceedings, as specifically set forth above and in the Commissioner's motion. (Doc. No. 11).

In addition, the undersigned finds that the Plaintiff's Complaint should be and hereby is dismissed without prejudice to the subsequent filing for attorney's fees, pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412. A separate Judgment shall be entered herein pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED, this 18th day of January, 2007.

    /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge